**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                  Case No. 06-mj-054-01-JM

Jeffrey C. Phillips

**ORDER OF TEMPORARY DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on June 5, 2006, for the purpose of determining whether to detain defendant, Jeffrey C. Phillips, who has been charged with threats by mail to injure a judge.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the

offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer a preponderance of the evidence to prove risk of flight.  See Patriarca, 948 F.2d at 792-93.

Here, I find that the government has temporarily met its burden.

I have found probable cause to believe defendant has made threats by mail to kill or injure a state court judge.  He had been a stable, employed, church-going father and husband until the dissolution of his marriage.  He is in the throes of a

divorce and has had temporary custody of his daughter taken from him, his wife has a restraining order, he has served time for violating that order, and he has received recent psychiatric treatment.  While the emotions and passions of a divorce can frequently cause despair, violence cannot be permitted.  Before making any final bail judgment the court needs more information of defendant's mental state.  He is detained until he has been examined by Dr. Druktenis who is requested to report on defendant's mental state.[1]  A further hearing will be held in two weeks.

Accordingly, it is **ORDERED** that the defendant be detained pending a further hearing in two weeks.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an

---

[1] Defense counsel's oral motion for the examination was granted from the bench.

attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                              James R. Muirhead
                                              United States Magistrate Judge

Date: June 5, 2006

cc:  Robert Kinsella, Esq.
     Jeffrey Levin, Esq.
     U.S. Marshal
     U.S. Probation